**CONSUMERS PETROLEUM CO. v. CONSUMERS CO.**

No. 10159.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1950.

Rehearing Denied Dec. 18, 1950.

See also, 7 Cir., 176 F.2d 441.

Albert E. Jenner, Jr., Edward H. Hatton, Harry G. Hershenson, and James B. McKeon, all of Chicago, Ill. (Hershenson & Hershenson, Poppenhusen, Johnston, and Thompson & Raymond, all of Chicago, Ill., of counsel), for appellant.

Joseph B. Fleming, Carl S. Lloyd, Lloyd M. Bowden, and Kirkland, Fleming, Green, Martin & Ellis, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

PER CURIAM.

On due consideration, it is ordered by the court that the judgment from which the appeal was taken herein be and the same is hereby reversed with directions to the District Court to enter judgment as follows:

"It is ordered, adjudged and decreed that:

"I. An injunction issue against the defendant, Consumers Company, its officers, employees, agents and other representatives, and any subsidiaries or successors of said defendant (and their officers, employees, agents and other representatives), and all holding by, through or under it or them perpetually enjoining and restraining it and them, and each of them, from:

"(1) Offering to sell fuel oil to, or soliciting the purchase of fuel oil by any individual, firm or corporation in the City of Chicago, Illinois, or its environs, or advertising fuel oil for sale in said territory under the trade name 'Consumers,' under any circumstances, and under any name including the word 'Consumers' unless:

"a) There be used in conjunction with and in juxtaposition to the words 'Fuel Oil' whenever the same shall appear in any advertising matter, display or sign authorized by the defendant, a distinctive trade name or product designation, not consisting of or including the word 'Consumers,' which name to be so used by the defendant (such, for example, as the words 'Red Seal'), shall be at least as prominent as the words 'Fuel Oil,' so that the defendant's fuel oil shall be designated not by the words 'Fuel Oil' alone but, for example, by the words 'Red Seal Fuel Oil';

"b) The word 'Consumers' be used in any such advertising matter, display or sign in which fuel oil is advertised or mentioned only as a part of defendant's corporate name, 'Consumers Company,' and in no larger letters than those in the word 'Company,' and such corporate name be arranged in such relationship to the words 'Red Seal Fuel Oil' as clearly to form no part of the trade name;

"c) The defendant's advertising and sales material used in its fuel oil business be distinctive and wholly different in ap-

pearance from any, to defendant's knowledge, heretofore used by the plaintiff;

"(2) Representing to any individual, firm or corporation, or to the public, that the defendant is the plaintiff, or is in any way connected with the plaintiff or with the plaintiff's business;

"II. Defendant shall at all times exercise care and caution to avoid possibility of confusion or mistaken identity as between it and plaintiff;

"III. Such injunction shall provide that the defendant shall comply therewith as rapidly as reasonably possible;

"IV. The Clerk shall tax one-half of all costs in this cause to each the plaintiff and the defendant."