**BORG–WARNER CORPORATION,**
Plaintiff-Appellant,

v.

**YORK–SHIPLEY, INC., Defendant-Appellee.**

No. 13639.

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1962.

Rehearing Denied Nov. 6, 1962.

Edward A. Haight, Stuart S. Ball, Chicago, Ill., for appellant.

Beverly W. Pattishall, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This case, involving claims of unfair competition and trademark infringement, is here for the second time. The suit involves the word "YORK" used both as a trademark and a tradename. After a trial, the District Court dismissed the complaint and entered judgment in favor of defendant on its counterclaim with damages fixed at $2,280,-000 plus an accounting of profits. An injunction was issued against the plaintiff using the word "YORK" in any way in connection with the selling of any furnace or heat-generating product.

Our opinion in the previous case is reported at 293 F.2d 88 (1961). We held the injunction issued by the District Court was too broad in scope and should be modified to incorporate various suggestions made in our opinion. We held defendant was not entitled to an ac-

counting to recover plaintiff's profits. We limited defendant's remedy to an injunction for a recovery of its actual damages and held taxable attorney fees should not be allowed.

Other comments in our opinion (293 F.2d page 91) which are pertinent to the present appeal were: "Generally speaking, trademarks in a geographical name are narrow in scope. * * * Neither plaintiff nor defendant may monopolize the use of YORK for all manner of products." Also, page 95: "Plaintiff should not be restrained from using heating coils or (heating) units in its air conditioning devices such as have previously been used by plaintiff or the air conditioning industry. On the other hand, defendant should not be permitted to advertise its furnaces as air conditioners under the name YORK."

Upon remand, an injunction was again entered against plaintiff which, in some respects, is broader than the injunction originally entered. The term "heat-generating products" was eliminated but there was substituted the phrase "any products which are for the purpose of heating buildings * * * whether said products are sold separately or in combination with air conditioners (i. e. air coolers)."

When the case was here before, this Court held the defendant had exclusive trademark rights in furnaces and oil-conversion burners. However, the injunction issued on remand included heating systems, space heaters, radiant heaters, boilers, gas-conversion burners and heat pumps. As to these products, there had been no showing by defendant as to secondary meaning or priority in the use of YORK, except insofar as a "heating system" might refer to a furnace.

To avoid a situation such as we encountered in Consumers Petroleum Co. v. Consumers Co., 7 Cir., 185 F.2d 234, where that case reached us for a third time, we shall, in this case, do as we did in Consumers, and set forth the specific terms of the injunction to be included in the judgment below.

The following shall be the terms of the injunction to be entered herein:

"It is Ordered, Adjudged and Decreed that:

"(1) Plaintiff, its subsidiaries and divisions, its, and their officers, agents, servants, employees and attorneys, and all other persons natural or legal, acting by, through, for or under the authority of plaintiff, its subsidiaries and divisions, shall be and are hereby enjoined from marketing, promoting, advertising or selling oil-conversion burners and oil-fired and gas-fired furnaces, bearing the trademark YORK, or any colorable imitations thereof, provided, however, that plaintiff, by reason of the foregoing, is not enjoined from using the trademark YORK on, or in connection with, air conditioning devices which perform the function of both cooling and heating;

"(2) If plaintiff, its subsidiaries or divisions, shall sell oil-fired or gas-fired furnaces or oil-conversion burners through or in connection with plaintiff's York Division or any other subsidiary or division of plaintiff having the name YORK as a part of its corporate division or trade name, there shall be used in conjunction with and in juxtaposition to the words 'furnace' or 'burner' a distinctive trademark or product designation, not consisting of or including the name YORK on said products and on all advertising materials, displays or signs mentioning said products; and said trademark or product designation shall be at least as prominent as the words 'furnace' or 'burner'; and the use of plaintiff's corporate division or tradename on such product or on any advertising material, display or sign, mentioning or describing such products, shall be placed in a subordinate position and shall be so arranged in such relation to the trademark or product designation of such products as to form no part of such trademark or product designation."

Reversed and remanded with directions to include in the judgment to be entered in the District Court, an injunction in the terms hereinbefore specified.